UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SPRAWLIN MARVIN             CIVIL ACTION

VERSUS                       NUMBER 14-316-JJB-SCR

FARRELL LINES, INC., ET AL

**<u>NOTICE</u>**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. §636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Baton Rouge, Louisiana, September 11, 2014.

                                STEPHEN C. RIEDLINGER
                                UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SPRAWLIN MARVIN                          CIVIL ACTION

VERSUS                                NUMBER 14-316-JJB-SCR

FARRELL LINES, INC., ET AL

**MAGISTRATE JUDGE'S REPORT**

Before the court is Motion to Remand filed by plaintiff Sprawlin Marvin. Record document number 18. The motion is opposed.[1]

**Background**

Plaintiff filed a Petition for Damages in state court seeking recovery for injuries, including the development of asbestosis, allegedly sustained as a result of exposure to asbestos and asbestos-containing products found aboard vessels while working for various shipowners from 1955 to 1986. Plaintiff named as defendants American Export Lines, Inc.; Farrell Lines Incorporated; Attransco, Inc. f/k/a American Trading Transportation Company, Inc. (identified by plaintiff as American Trading Transp. Co.); Baldbutte Shipping Company (identified by plaintiff as Baldbutte Shipping Co.); Central Gulf Lines, Inc. f/k/a Central Gulf Steamship Corporation (identified by plaintiff as successor-in-interest to Central Steamship Corporation); Chas. Kurz & Company

---

[1] Record document number 19.

(identified by plaintiff as successor-in-interest to Keystone Shipping Co. & Keystone Tankship Corp.); Keystone Shipping Company; Keystone Tankship Corporation, Crowley Maritime Corp.; and Marine Transport Lines, Inc. Plaintiff alleged claims under both general maritime law and the Jones Act.

Defendant Farrell Lines Incorporated (f/k/a American South African Lines), on its own behalf and as successor by merger to defendant American Export Lines, Inc. (f/k/a American Export Isbrandtsen Lines, Inc., identified by plaintiff as American Export Isbrandtsen) removed the case to this Court. The remaining defendants consented to removal.[2] Defendants alleged that this Court has original, exclusive subject matter jurisdiction under general maritime law. Defendants asserted that the plaintiff's Jones Act claim doed not prohibit removal of the general maritime claims.

Plaintiff moved to remand. Plaintiff argued that his Jones Act claim is non-removable pursuant to 28 U.S.C. 1445(a). Plaintiff argued that because his Jones Act claim and general maritime claim for unseaworthiness arise from the same set of operative facts, and Jones Act claim is not removable by statute, the entire action is not removable. To support this argument, the plaintiff relied on cases which held that severance of a non-removable claim under 28 U.S.C. § 1441(c) is only permitted when

---

[2] Record document number 2.

2

the otherwise removable claim is one that falls within the federal question jurisdiction conferred by 28 U.S.C. § 1331. Because a general maritime claim does not satisfy this criteria, plaintiff argued, the inclusion of the non-removable Jones Act claim requires that the entire action be remanded to state court.

In the alternative, the plaintiff argued that the "saving to suitors" clause of 28 U.S.C. § 1333 prohibits removal of maritime claims brought in state court. Plaintiff asserted that this Court has incorrectly permitted removal of such claims under the current version of § 1441.

## Applicable Law

It is well settled that when faced with a motion to remand the removing party bears the burden of establishing the facts necessary to show that federal jurisdiction exists. *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *rehg. denied*, 70 F.3d 26 (5th Cir. 1995). The federal removal statute is subject to strict construction because a defendant's use of that statute deprives a state court of a case properly before it and thereby implicates important federalism concerns. *Frank v. Bear Stearns & Co.,* 128 F.3d 919, 922 (5th Cir. 1997). Any doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction. *Acuna v. Brown & Root*, 200 F.3d 335, 339 (5th Cir. 2000).

**Removal of General Maritime Claims**

Under 28 U.S.C. § 1333 federal district courts have original jurisdiction over admiralty and maritime cases, saving to suitors in all cases all other remedies to which they are otherwise entitled. *Morris v. T E Marine Corp.*, 344 F.3d 439, 444 (5th Cir. 2003), citing, *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377-79, 79 S.Ct. 468,(1959).

In December 2011, the federal removal statute, 28 U.S.C. § 1441, was amended and currently reads, in relevant part, as follows:

> (a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) Removal based on diversity of citizenship.—(1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>     (2) A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.
>
> (c) Joinder of Federal law claims and State law claims.—(1) If a civil action includes—
>     (A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and
>     (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made

> nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)
>
> (2) Upon removal of an action described in paragraph (1), the district court shall sever from the action all claims described in paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed. Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).

The Fifth Circuit has historically held that general maritime claims saved to suitors were not of themselves removable pursuant to the prior version of § 1441, which stated:

> a) Generally.—Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to citizenship or residence of parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The Fifth Circuit court reasoned that because general maritime claims did not arise under the Constitution, treaties or laws of the United States, § 1441(b) was an Act of Congress which prevented removal of such claims under § 1441(a). *In re Dutile*, 935 F.2d 61, 62-63 (5th Cir. 1991); *Tenn. Gas Pipeline v. Hous. Cas. Ins.*, 87

F.3d 150, 153 (5th Cir. 1996). Maritime claims were considered "other such action[s]" which required a separate basis for federal question jurisdiction or diversity jurisdiction to be removed. *Id*.

**The Jones Act**

The Jones Act provides a cause of action in negligence for a seaman who is injured in the course of his employment. 46 U.S.C. § 30104(a). This statute incorporates the federal laws regulating recovery for personal injury to railway employees, i.e. the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60. Therefore, Jones Act claims are non-removable pursuant to 28 U.S.C. § 1445(a).[3]

**Analysis**

The court must determine whether a general maritime claim under § 1333 is removable under current version of § 1441 when joined with properly pled Jones Act claim. It is important to note that the defendants did not assert in their Notice of Removal or in their opposition to this motion that the plaintiff failed to properly pled a Jones Act Claim.

Defendants urged the court to continue holding that general maritime claims are removable under the current version of § 1441, but they failed to specifically address the impact of the presence

---

[3] Section 1445(a) provides that "[a] civil actions in any State court against a railroad or its receivers or trustees, arising under sections 1-4 and 5-10 of the Act of April 22, 1908 (45 U.S.C. 51-54, 55-60), may not be removed to any district court of the United States."

of the plaintiff's non-removable Jones Act claim. Defendants relied on other cases decided by this court, and particularly urged the court to follow *Harrold v. Liberty Insurance Underwriters, Inc.*, No. 13-762, 2014 WL 688984 (M.D.La. Feb. 2014), and the cases cited in it. But *Harrold* is not persuasive because in arguing for remand the plaintiff specifically relied on cases which were decided based on the pre-amendment version of § 1447(c)[4]. Nor are the other cases relied on by the defendants persuasive. *Provost v. Offshore Serv. Vessels, LLC*, No. 14-89, 2014 WL 2515412, (M.D.La June 4, 2014) did not include a Jones Act Claim. Both *Bridges v. Phillips 66 Co.*, No. 13-477, 2013 WL 6092803 (M.D.La. Nov. 19, 2013), and *Garza v. Phillips 66 Co.*, No. 13-742, 2014 WL 1330547 (M.D.La. April 1, 2014), were removed on the basis of federal question jurisdiction under Outer Continental Shelf Lands Act and alleged that the plaintiffs fraudulently pled a Jones Act claim.[5]

Defendants did not address how the plaintiff's "action", i.e.

---

[4] CV 13-762, record document number 9, Magistrate Judge's Report, p. 7:

Citing *Addison v. Gulf Coast Contracting Services, Inc.*, 744 F.2d 494 (5th Cir. 1984), and *Scott v. Southern Towing Co.*, 2011 WL 6294254 (M.D.La. 2011), the plaintiff argued that removal of a case containing a Jones Act claim could only be proper under § 1441(c) if a separate and independent claim invoking federal jurisdiction existed. Plaintiffs' reliance on these case is unavailing because the decisions were based on the pre-amendment version of § 1441(c). The current version of § 1441(c) no longer requires the "separate and independent" claim analysis.

[5] This issue is still in dispute in both cases.

his state court suit, can be removed when it contains a "claim" that is statutorily non-removable under § 1445(a). Section 1441(c) permits removal of a "claim" not within the original or supplemental jurisdiction of the district court, or a "claim" that has been made non-removable by statute, when joined with "a claim arising under the Constitution, laws, or treaties of the United States". The pre-amendment version of § 1441(c)[6] required, and the post-amendment versions of § 1441(c) still requires, that the "civil action" include "a claim" within the meaning of § 1331 to remove a statutorily non-removable "claim" which is part of that civil action.[7] This court cannot exercise removal jurisdiction without a legal basis on which to remove the entire state court case - "a civil action." Because the plaintiff's state court suit is not removable due to the inclusion of his properly pled Jones Act claim and the absence of a federal question claim, the plaintiff's arguments concerning removal of general maritime claims do not need to be addressed.

---

[6] Before the 2011 amendment § 1441(c) stated as follows: Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

[7] This Court has not held that a general maritime claim falls within the purview of § 1331 jurisdiction. Thus, § 1441(c) is not applicable.

8

**RECOMMENDATION**

It is the recommendation of the magistrate judge that the Motion to Remand filed by plaintiff Sprawlin Marvin be granted.

Baton Rouge, Louisiana, September 11, 2014.

_____
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE